1  GEORGE S. CARDONA
   Acting United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   JOANNE OSINOFF
4  Assistant United States Attorney
   California Bar Number 141489
5  KEITH M. STAUB
   Assistant United States Attorney
6  California Bar Number 137909
        Federal Building, Suite 7516
7       300 North Los Angeles Street
        Los Angeles, California 90012
8       Telephone:  (213) 894-6880
        Facsimile: (213) 894-
9  email: joanne.osinoff@usdoj.gov
        keith.staub@usdoj.gov
10
   Attorneys for Defendant
11 United States of America

12

                    UNITED STATES DISTRICT COURT
13
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
14
                         WESTERN DIVISION
15

16 | ARJANG PANAH, | No. CV 09-06535-GAF-PLA |
|---|---|
17 | Plaintiff, | **DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO COMPLAINT** |
18 | v. | |
19 | UNITED STATES OF AMERICA. | |
20 | Defendant | |

21

22      Defendant, UNITED STATES OF AMERICA ("Defendant"), by and

23 through undersigned counsel, hereby admits, denies and otherwise answers the

24 allegations of the Complaint.

25      1.    Paragraph 1 contains Plaintiff's statement regarding his residency and

26 citizenship.  Defendant currently lacks sufficient information or knowledge to form

27 a belief as to the truth of said statement, and on that basis, Defendant denies these

28 allegations of paragraph 1 of the Complaint.  The remaining allegations of

CV0906535.20100201.JSO.Defendant's Answer_mtd.wpd

1  paragraph 1 constitute Plaintiff's legal conclusions and characterization of his

2  action, to which no response is required.  To the extent that an answer is deemed

3  required, Defendant denies the remaining allegation of paragraph 1 of the

4  Complaint.

5       2.    Defendant admits that the Federal Bureau of Prisons ("BOP") is an

6  agency of the United States Department of Justice, and that the Taft Correctional

7  Institution, in Taft, California, ("TCI TAFT")  is a government-owned,

8  contractor-operated facility.  Defendant denies the remaining allegations of

9  paragraph 2 of the Complaint.

10      3.    Paragraph 3 of the Complaint constitutes jurisdictional allegations to

11  which no response is required.  To the extent that an answer is deemed required,

12  defendants deny the allegations of paragraph 3 of the Complaint.

13      4.    Paragraph 4 of the Complaint constitutes jurisdictional allegations to

14  which no response is required.  To the extent that an answer is deemed required,

15  defendants deny the allegations of paragraph 4 of the Complaint.

16      5.    Defendant admits that Plaintiff submitted an administrative claim for

17  money damages to the United States on or about December 12, 2007, and that

18  Plaintiff's claim was denied on or about June 13, 2008.  Defendant also admits that

19  Plaintiff submitted a request for reconsideration of his administrative tort claim by

20  letter dated November 14, 2008, and an amended administrative tort claim, which

21  was filed November 20, 2008.  Defendant also admits Plaintiff's claim was denied

22  on March 13, 2009.  Defendant denies the remaining allegations of paragraph 5 of

23  the Complaint.

24      6.    Defendant currently lacks sufficient information or knowledge to form

25  a belief as to the truth of the allegations and on that basis, denies the allegations of

26  paragraph 6 of the Complaint.

27      7.    Defendant admits coccidioidomycosis is also known as Valley Fever or

28  San Joaquin Valley Fever.  As to the remaining allegations of paragraph 7,

CV0906535.20100201.JSO.Defendant's Answer_mtd.wpd          -2-

1  Defendant currently lacks sufficient information or knowledge to form a belief as

2  to the truth of the allegations and on that basis, denies the remaining allegations of

3  paragraph 7 of the Complaint.

4  paragraph.

5          8.     Defendant currently lacks sufficient information or knowledge to form

6  a belief as to the truth of the allegations and on that basis, denies the allegations of

7  paragraph 8 of the Complaint.

8          9.     Defendant currently lacks sufficient information or knowledge to form

9  a belief as to the truth of the allegations and on that basis, denies the allegations of

10 paragraph 9 of the Complaint.

11         10.    Defendant currently lacks sufficient information or knowledge to form

12 a belief as to the truth of the allegations and on that basis, denies the allegations of

13 paragraph 10 of the Complaint.

14         11.    Defendant currently lacks sufficient information or knowledge to form

15 a belief as to the truth of the allegations and on that basis, denies the allegations of

16 paragraph 11 of the Complaint.

17         12. Defendant admits that federal inmate Kevin Walker filed a lawsuit on

18 June 25, 2002 with numerous and varied allegations.   Defendant avers that public

19 records regarding lawsuits speak for themselves.  Walker's action against the

20 United States proceeded under the Second Amended Complaint, filed August 29,

21 2005, and on September 17, 2009, Kevin Walker's Federal Tort Claims Act

22 (FTCA) claim against the United States was dismissed with prejudice for failure to

23 exhaust administrative claims.   The remaining allegations of paragraph 12 of the

24 Complaint constitute Plaintiff's characterization of public records, and to which no

25 response is required.  To the extent that an answer is deemed required, defendant

26 denies the remaining allegations of paragraph 12 of the Complaint.

27         13.    Defendant admits that the BOP issued a "HEALTH SERVICES

28 QUALITY IMPROVEMENT NEWS MEMORANDUM", which contained an

CV0906535.20100201.JSO.Defendant's Answer_mtd.wpd                    -3-

article entitled "Risk Management Alert 'Valley Fever." That document speaks for itself.  The remaining allegations of paragraph 13 constitute Plaintiff's characterizations and conclusions of BOP documents to which no response is required.  To the extent that an answer is deemed required, defendant denies the remaining allegations of paragraph 13 of the Complaint.

14.     Defendant admits that the BOP screened inmates considered for transfer.  Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, denies the remaining allegations of paragraph 14 of the Complaint.

15.     Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, denies the allegations of paragraph 15 of the Complaint.

16.     Defendant denies the allegations of paragraph 16 of the Complaint.

17.     Defendant admits Plaintiff was sentenced to 72 months incarceration for offenses related to methamphetamines.  Defendant also admits that Plaintiff was assigned to TCITAFT on April 1, 2005.  Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations and on that basis, denies the remaining allegations of paragraph 17 of the Complaint.

18.     Defendant denies the allegations of paragraph 18 of the Complaint.

19.     Defendant denies the allegations of paragraph 19 of the Complaint.

20.     Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the allegations and on that basis, denies the allegations of paragraph 20 of the Complaint.

21.     Defendant admits that Plaintiff presented to the Health Unit of December 20, 2005 complaining of fever.  Defendant also admits that Plaintiff presented on December 24, 2005 complaining of cough and fever.  Defendant admits that Plaintiff presented again on December 29, 2005 complaining of flu

symptoms.  Defendant also admits that Plaintiff contracted Valley Fever.

Defendant denies the remaining allegations of paragraph 21 of the Complaint.

22.    Defendant admits that Plaintiff was released from BOP custody on

August 19, 2008.  Defendant currently lacks sufficient information or knowledge

to form a belief as to the truth of the remaining allegations and on that basis, denies

the remaining allegations of paragraph 22 of the Complaint.

23.    Defendant currently lacks sufficient information or knowledge to form

a belief as to the truth of the allegations and on that basis, denies the allegations of

paragraph 23 of the Complaint.

24.    Defendant currently lacks sufficient information or knowledge to form

a belief as to the truth of the allegations and on that basis, denies the allegations of

paragraph 24 of the Complaint.

25.    Defendant currently lacks sufficient information or knowledge to form

a belief as to the truth of the allegations and on that basis, denies the allegations of

paragraph 25 of the Complaint.

26.    Defendant re-alleges and incorporates by reference each and every

response to paragraphs 1 through 25 herein, as if set forth in full.

27.    Paragraph 27 contains Plaintiff's characterizations and conclusions of

law to which no response is required.  To the extent that an answer is deemed

required, Defendant denies the allegations of paragraph 27 of the Complaint.

28.    Defendant denies the allegations of paragraph 28 of the Complaint.

29.    Defendant denies the allegations of paragraph 29 of the Complaint.

30.    Defendant re-alleges and incorporates by reference each and every

response to paragraphs 1 through 29 herein, as if set forth in full.

31.    Paragraph 31 contains Plaintiff's characterizations and conclusions of

law to which no response is required.  To the extent that an answer is deemed

required, Defendant denies the allegations of paragraph 31 of the Complaint.

32.   Defendant denies the allegations of paragraph 32 of the Complaint.

33.   Defendant re-alleges and incorporates by reference each and every response to paragraphs 1 through 32 herein, as if set forth in full.

34.   Defendant admits that it is impossible to eliminate *coccidiodes immitis* from the soil and the air.  Defendant denies the remaining allegations of paragraph 34 of the Complaint.

35.   Defendant denies the allegations of paragraph 35 of the Complaint.

36.   Defendant denies the allegations of paragraph 36 of the Complaint.

37.   Defendant denies the allegations of paragraph 37 of the Complaint.

38.   Defendant denies the allegations of paragraph 38 of the Complaint.

39.   Defendant denies the allegations of paragraph 39 of the Complaint.

40.   Defendant denies the allegations of paragraph 40 of the Complaint.

41.   Paragraph 41 constitutes the Plaintiff's prayer of relief to which no response is required.  To the extent that an answer is deemed required, each and every allegation of the prayer for relief is denied.  Plaintiff should take nothing at all.

42.   Any allegation to which a response is deemed necessary and which has not been admitted, denied or otherwise responded to herein, is  hereby denied.

In further Answer to Plaintiff's Complaint, Defendant avers as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter.

### THIRD AFFIRMATIVE DEFENSE

No negligent or wrongful act of defendant United States or any of its employees or agents while acting in the scope of their employment, was the actual or proximate cause or in any way contributed, to the injuries, damages or losses allegedly sustained by the Plaintiff.

1

## FOURTH AFFIRMATIVE DEFENSE

2

3

4

5

Any injury, damage or loss suffered by Plaintiff was caused by the negligent or willful failure of Plaintiff to follow the advice, instructions and orders of attending physicians, nurses and other medical center personnel and in otherwise failing to exercise ordinary care on his own behalf.

6

## FIFTH AFFIRMATIVE DEFENSE

7

8

9

Any injury, damage or loss suffered by Plaintiff was caused by a failure of Plaintiff to use reasonable means to prevent aggravation of Plaintiff's condition and to use reasonable means to mitigate damages to Plaintiff.

10

## SIXTH AFFIRMATIVE DEFENSE

11

12

13

14

15

16

Any injury, damages or loss suffered by Plaintiff was actually and proximately caused, compounded or created by Plaintiff's medical conditions and by occurrences or incidents prior and/or subsequent to any medical care and treatment provided to Plaintiff and Defendant United States is not liable for said pre-existing, intervening and/or superseding medical conditions, occurrences or incidents.

17

## SEVENTH AFFIRMATIVE DEFENSE

18

19

20

21

Any injury, damages or loss suffered by Plaintiff was actually and proximately caused by the independent intervening and superseding acts or omissions of a third party or parties or were so caused by the contributory negligence of Plaintiff and the above said third party or parties' acts or omissions.

22

## EIGHTH AFFIRMATIVE DEFENSE

23

24

Plaintiff's Complaint is barred by the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2680.

25

26

27

28

### NINTH AFFIRMATIVE DEFENSE

Except as otherwise provided by or governed by Federal law, defendant United States may only be held liable to the same extent as a private person in accordance with the laws of the State of California, and subject to the above exception, liability and damages are limited in accordance with the statutory and common law of the State of California.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the independent contractor exception to the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671.  Defendant is not liable for the negligent acts or omissions of any contractor of the United States or contractor employees.

### ELEVENTH AFFIRMATIVE DEFENSE

In the event that defendant United States should be found liable to the plaintiffs, which defendant denies, damages, if any, for non-economic losses shall not exceed the amount specified in California Civil Code §3333.2.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant is entitled to any offset or credit for any and all benefits or collateral benefits paid or payable to or for Plaintiff for the injuries, damages or losses which payment was made by the Defendant United States or funded by Defendant through any state, county or city government or other governmental entity.

### THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to California Civil Code §3333.1, Defendant United States may elect to introduce evidence of any amount(s) paid or payable to or for Plaintiff as a benefit or collateral benefit as a result of the injury or injuries, damages or losses alleged in this action.  Defendant is not liable for payment or reimbursement to any payor, by way of payor's subrogation to the rights of the Plaintiff or otherwise for payor's payment of said benefits to Plaintiff.

CV0906535.20100201.JSO.Defendant's Answer_mtd.wpd

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Liability, if any, for all non-economic damages shall be allocated in direct proportion to each tortfeasor's percentage of fault pursuant to California Civil Code §1431 et seq.

WHEREFORE, Defendant prays for judgment as follows:

1.   That judgment be entered for the Defendant and against Plaintiff;

2.   That Plaintiff's Complaint and action be dismissed in its entirety as to the Defendant;

3.   That the Defendant be awarded its costs and disbursements in this action; and

4.   That the Defendant be awarded such other and further relief as this Court may deem appropriate.

Dated: February 1, 2010

Respectfully submitted,
GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/S/ Joanne S. Osinoff
_____
JOANNE S. OSINOFF
Assistant United States Attorney
KEITH M. STAUB
Assistant United States Attorney
Attorneys for Defendant
United States of America

CV0906535.20100201.JSO.Defendant's Answer_mtd.wpd

-9-